IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ALLSTATE INSURANCE CO.

    Plaintiff,

v.                          Civil Action No. 01:10-cv-788

MICHAEL MCELRATH, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Allstate Insurance Company's Motion for Summary Judgment, Defendants Larry, Sally, and Michael McElraths' Motion for Certification of Questions of State Law, and Intervening Defendant and Counter-Plaintiff Plaintiff Bruce Vanderhoof's Motion for Summary Judgment.

The issue in this case is whether the automobile insurance policies issued by Allstate permit stacking of Under Insured Motorist ("UIM") coverage. Under each policy, more than one vehicle is covered. Defendant McElrath and Intervenor Defendant Vanderhoof seek to add together, or stack, the limit of UIM coverage for each of the vehicles on their policies.

On or about Sunday, November 1, 2009, Defendant Michael McElrath was a passenger in a 2004 Ford Explorer driven by Defendant William Matthew Moss. As a result of the alleged

negligence of Moss, Michael McElrath was injured. Moss is covered under an insurance policy with policy limits of $25,000 per person and $50,000 per occurrence. Because of the extent of Michael McElrath's injuries, Moss is underinsured for his potential liability to defendant Michael McElrath as a result of the collision.

Allstate issued a Policy of Insurance in the Commonwealth of Virginia to Sally and Larry McElrath, which provides coverage for four vehicles: 1) a 2005 Nissan Murano, 2) a 2006 Dodge Caravan, 3) a 2003 BMW 745li, and 4) a 2007 Chrysler Crossfire. Michael McElrath claims that he is entitled to coverage under the policy because the named insureds are his grandparents, and he alleges he is a resident relative of their household. The policy provides a UIM limit of $100,000 per person and $300,000 per accident. The McElrath policy provides in pertinent part:

> The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person, the limit of Bodily Injury Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.

> The limit of Property Damage Liability shown in the Declarations of each accident for Uninsured Motorists Coverage is our maximum limit of liability for all property damage resulting from one accident.

2

This is the most we will pay regardless of:

1. Insureds;
2. Claims made; or
3. Vehicles or premiums shown in the Declarations.

Defendant McElrath claims that he is entitled to $375,000 and the stacking of each of the UIM benefits for each of the four vehicles on the policy.

In an unrelated incident, Intervenor Defendant/Counter-Plaintiff Bruce Vanderhoof was driving a motorcycle in Lexington, Kentucky on or about July 20, 2008. Vanderhoof alleges that due to inclement weather, he pulled over in the emergency lane. While Vanderhoof was standing or walking in the emergency lane, another motorist, Nicholas C. Dewig, allegedly caused his automobile to crash into Vanderhoof and his motorcycle. As a result of the alleged negligence of Dewig, Vanderhoof was injured.

At the time of the incident, Vanderhoof held two policies with Allstate. One was an Allstate Motorcycle Policy with UIM coverage limits of $50,000 per person. Allstate had also issued to Vanderhoof a separate automobile policy covering two vehicles with UIM coverage limits of $100,000 per person and $300,000 per accident. As a result of the incident, Dewig's liability insurer has paid $25,000 to Vanderhoof, to which Allstate consented and which Allstate acknowledged constitutes payment by or on behalf of the tortfeasor so as to invoke Allstate's obligations under

the UIM coverage of Vanderhoof's insurance policies. Under Vanderhoof's motorcycle policy, Allstate has paid $25,000 in UIM benefits—the $50,000 UIM limit minus the offset of $25,000 paid by Dewig's liability insurer—in exchange for a full and final settlement of all of Vanderhoof's UIM claims under the motorcycle policy. Allstate has also paid $100,000 under the UIM coverage of Vanderhoof's automobile policy. Allstate contends that Vanderhoof is not entitled to any additional coverage, but agreed to preserve the intra-policy stacking issue and agreed that the settlement payment was not a full and final settlement of Vanderhoof's UIM claims under that policy, unless stacking was prohibited.

Vanderhoof's automobile policy provides in pertinent part:

Regardless of the number of (1) persons or organizations who are insured under this insurance, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damage, or (4) motor vehicles to which this insurance applies,

> (a) If the schedule or declarations indicates split limits of liability for bodily injury stated as applicable to 'each person' is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting 'each person' the limit of liability for bodily injury stated as applicable to 'each accident', is the total limit of the Company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident. The limit of liability for

4

> > property damage stated as applicable to
> > 'each accident' is the total limit of the
> > Company's liability for all damages because
> > of property damage to all property of one or
> > more insureds as the result of any one
> > accident.
>
> b) if the schedule or declarations indicates a
> single limit of liability, the limit of
> liability stated as applicable to 'each
> accident' is the total limit of the
> Company's liability for all damages as the
> result of any one accident; provided such
> limit of liability shall first provide the
> separate limits required by the Virginia
> Motor Vehicle Safety Responsibility Act.

Vanderhoof claims that he is entitled to an additional $100,000 and the stacking of the UIM benefits for both vehicles on his policy.

This Court will grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no material fact in dispute in this case. Moreover, there is no dispute that Virginia law applies to this action, as "the law of the place where an insurance contract is written and delivered controls issues as to its coverage." See Resource Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635-36 (4th Cir. 2005); see also Tiger Fibers LLC v. Aspen Specialty Ins. Co., 571 F. Supp. 2d 712, 716 (E.D. Va. 2008) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)) (stating that a court sitting in a diversity action

applies the choice of law rules applicable to the forum state). Both the McElrath policy and the Vanderhoof policy were written and delivered in the Commonwealth of Virginia.

Insurance policies are contracts and are construed in accordance with contract principles. Allstate Ins. Co. v. Eaton, 248 Va. 426, 431, 448 S.E.2d 652, 655 (1994)(citations omitted). When the terms of a contract are clear and unambiguous, the court construes them according to their plain meaning. Golding v. Floyd, 261 Va. 190, 192, 539 S.E.2d 735, 736 (2001) (citations omitted). Contracts are not rendered ambiguous merely because the parties disagree over the meaning of the words used to express the agreement. Doswell L.P. v. Va. Elec. & Power Co., 251 Va. 215, 222-23, 468 S.E.2d 84, 88 (1996) (citation omitted).

Both of these policies are unambiguous. The clear terms of the McElrath policy show that a single $100,000 per person limit applies for UIM coverage, regardless of the number of vehicles insured. The policy states, "The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages . . . arising out of bodily injury sustained by any one person in any one accident." The policy further provides that limit of bodily injury liability is the most Allstate will

pay regardless of the number of insureds, claims made, or vehicles or premiums shown in the declarations.

Likewise, the Vanderhoof automobile policy unambiguously provides that, regardless of the number of motor vehicles to which the policy applies,

> if the schedule or declarations indicates split limits of liability, the limit of liability for bodily injury stated as applicable to 'each person' is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one accident.

The plain and ordinary meaning of these clauses limit Allstate's liability on each policy to the $100,000 each person limit.

The anti-stacking language found in these policies is very similar, if not identical, to the anti-stacking language found in the insurance policy under review in <u>Goodville Mutual Casualty Co. v. Borror</u>, 221 Va. 967, 275 S.E.2d 625 (1981). There, the Supreme Court of Virginia concluded that language similar to the above-quoted terms of the McElrath and Vanderhoof policies was clear and unambiguous and "require[ed] the construction that stacking is not permissible." 221 Va. at 971.

As in <u>Goodville</u>, the express policy language here states that UIM coverage is provided in the amounts set out in the declarations page (i.e., bodily injury limits of $100,000 per person and $300,000 per accident) and that those limits are the most that will be paid regardless of the number of vehicles or

7

premiums. When the policy provisions are read in conjunction with the limit of liability section, it is clear that the parties' intent was to provide maximum UIM coverage of $100,000 per person and $300,000 per accident regardless of the number of vehicles insured or premiums shown in the declarations.

The identical limits of liability set forth for each vehicle in both policies distinguish this case from Virginia Farm Bureau v. Williams, 278 Va. 75, 377 S.E.2d 299 (2009). There, the Supreme Court of Virginia allowed for policy stacking because "[t]hese different sets of coverage, when considered along with the 'anti-stacking' language of the UM/UIM endorsement, leave unresolved the question whether all three separate limits for 'each person' apply and, if not, which of the single separate limits for 'each person' is applicable." Id. at 83, 677 S.E.2d at 303. Based on that ambiguity, the court permitted the stacking of the three coverage limits. That ambiguity, however, does not exist in the McElrath or Vanderhoof policies, which provides the identical amount of coverage for each of the insured vehicles.

"[W]here the anti-stacking clause is itself ambiguous, or cannot be applied clearly and unambiguously, intra-policy stacking is required because the policy must be construed in favor of the insured. Yet, where the anti-stacking clause is clear and unambiguous, and can also be applied clearly and unambiguously, the prohibition on stacking must be given effect." Lloyd v.

Travelers Prop. Cas. Ins. Co., 727 F. Supp. 2d 452, 458 (E.D. Va. 2010). This case falls into the latter category, and anti-stacking is prohibited for both policies. Allstate's motion for summary judgment should be granted, and Defendant Vanderhoof's motion for summary judgment should be denied. Because there is controlling precedent on point in this case, Defendants Larry, Sally, and Michael McElrath's Motion for Certification of Questions of State Law should be denied. See Va. Sup. Ct. R. 5:40(a).

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June _15_, 2011